UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br> Plaintiff, <br> v. <br> UR MENDOZA JADDOU, <br> Defendant. | Case No. 23-cv-02720-DMR <br><br> **ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND** <br> Re: Dkt. No. 28 |

Plaintiff Impossible Foods, Inc. filed this action to challenge the United States Citizenship and Immigration Services' ("USCIS") denial of its I-140 petition to classify an employee as an "outstanding professor or researcher" for purposes of an immigrant visa petition. On January 22, 2024, the court granted Defendant Ur M. Jaddou's motion to dismiss Plaintiff's first claim for relief with prejudice. [Docket No. 28 (Jan. 22, 2024 Order).] Plaintiff now moves pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the January 22, 2024 Order, or in the alternative, to amend the complaint pursuant to Rule 15(a)(2). [Docket No. 28.] The motion is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

**I.   BACKGROUND**

In 2022, Plaintiff filed an I-140 petition to classify its employee, Seshadri Gowrishankar, as an "outstanding professor or researcher" for purposes of an immigrant visa petition pursuant to 8 U.S.C. § 1153(b)(1)(B)(i). [Docket No. 3 (Compl.) ¶ 16.] USCIS denied the petition in July 2022, finding that Plaintiff failed to demonstrate by a preponderance of the evidence that Gowrishankar "is recognized internationally as outstanding in the academic field." Compl. ¶ 19, Ex. C at 5.

1      Plaintiff alleges that USCIS reviewed its I-140 petition under the two-step framework set forth in USCIS's Policy Manual to determine eligibility for the outstanding professor or researcher classification, known as the "*Kazarian* policy." *See* Compl. ¶ 14, 26.  By way of background, in December 2010, USCIS issued a Policy Memo regarding I-140 Petitions in which it explained that it adopts the "two-part adjudicative approach to evaluating evidence submitted in connection with petitions for aliens of extraordinary ability" from *Kazarian v. USCIS*, 596 F.3d 1115 (9th Cir. 2010).  Compl. Ex. A (Policy Memo) 3.  Under the two-part approach, USCIS determines at the first step whether the petitioner submitted the required "initial evidence" listed in the applicable regulation.  At the second step, USCIS conducts a "final merits determination" "on the entire petition" to determine whether the evidence "is sufficient to demonstrate that the beneficiary or self-petitioner meets the required high level of expertise."  Policy Memo 4.

Plaintiff filed the complaint in June 2023 alleging three claims.  Only claim one is relevant to this motion.  Claim one alleged that USCIS improperly adopted the *Kazarian* policy outside of the formal rulemaking provisions mandated in the Administrative Procedure Act ("APA"), 5 U.S.C. § 553, by not undergoing a notice-and-comment period.  Compl. ¶¶ 48-94.[1]

Defendant moved pursuant to Rules 12(b)(6) and 12(b)(1) to dismiss claim one, arguing that the USCIS's adoption of the *Kazarian* policy was lawful and did not require a notice-and-comment period and that the claim is time-barred.  On January 22, 2024, the court granted the motion to dismiss with prejudice on the ground that Plaintiff had not established that the *Kazarian* policy constitutes a legislative rule subject to notice and comment rulemaking under applicable Ninth Circuit authority.  Jan. 22, 2024 Order 10.  The court did not reach Defendant's argument that the claim is barred by the statute of limitations.  *Id*. at 10 n.10.

Plaintiff now moves pursuant to Rule 59(e) to alter or amend the January 22, 2024 Order.  In the alternative, Plaintiff moves for leave to amend the complaint.

---

[1] Claim two alleges that USCIS's denial of Plaintiff's I-140 petition was arbitrary, capricious, and contrary to law in violation of the APA, Compl. ¶¶ 95-103, and claim three alleges that Defendant violated the APA by erroneously applying a clear and convincing evidence standard of proof instead of a preponderance of the evidence standard of proof in denying its I-140 petition.  *Id*. at ¶¶ 104-50.

United States District Court
Northern District of California

## II. DISCUSSION

"Rule 59(e) permits a district court to reconsider and amend a previous order." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). However, it is an "extraordinary remedy" which "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citations and internal quotation marks omitted). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court "[has] no power to extend the time for filing a Rule 59(e) motion." *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993); *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir. 1984) ("That time period [specified in Rule 59(e)] is jurisdictional and cannot be extended by the court."); *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992) ("the district court has no discretion to consider a late rule 59(e) motion"); *Amerson v. Kindredcare, Inc.*, 606 Fed. App'x. 371, 372 (9th Cir. 2015) ("The time period for filing a Rule 59(e) motion is jurisdictional and cannot be extended by the court.").

Here, Plaintiff asks the court to amend or alter the January 22, 2024 Order based on "clear error." Plaintiff filed the instant motion on February 21, 2024, more than 28 days after the Order was entered. Accordingly, the court lacks jurisdiction to grant Plaintiff's Rule 59(e) motion. *See Amerson*, 606 Fed. App'x at 372 (affirming denial of untimely Rule 59(e) motion).

The court will construe Plaintiff's untimely Rule 59(e) motion as a motion for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9. That rule provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)." A party seeking leave to file a motion for reconsideration must "show reasonable diligence in bringing the motion" and one of the following three grounds: (1) a material

3

difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c). "Motions for reconsideration are generally disfavored, and are not the place for parties to make new arguments not raised in their original briefs." *Whalen v. Ford Motor Co.*, No. 13-CV-03072-EMC, 2018 WL 6069812, at *1 (N.D. Cal. Nov. 20, 2018) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)).

Plaintiff asserts that the court failed to consider its dispositive legal arguments, as follows. Defendant argued in the motion to dismiss that the *Kazarian* policy "is an interpretive rule" and "was lawfully adopted without a notice-and-comment rulemaking process because it is not a legislative rule." Jan. 22, 2024 Order 6 (citations omitted). Defendant cited several cases from outside of the Ninth Circuit holding that USCIS's adoption of the *Kazarian* policy was lawful and did not require a notice-and-comment period and argued that there was no "meaningful distin[ction]" between Plaintiff's claim one and the challenges considered by other courts. *Id*. at 6-8 (citations omitted).

In its opposition, Plaintiff argued, "[t]he persuasive authority cited by the Defendant does not comport with the applicable Ninth Circuit precedent." [*See* Docket No. 17 (Pl.'s Opp'n) 3.] Specifically, Plaintiff claimed that Defendant failed to address "whether the final merits determination [requirement] amends a previous legislative rule" under the applicable Ninth Circuit test set forth in *Erringer v. Thompson*, 371 F.3d 625, 630 (9th Cir. 2004), which it described as "the crux of Count I of Plaintiff's Complaint." *Id*. at 8 (citing Pl.'s Opp'n 5). Plaintiff went on to assert, "Plaintiff has alleged in the Complaint that the *Kazarian* policy effectively amended a prior legislative rule," citing paragraph 68 in the complaint, and argued, "[t]he Court should apply the relevant Ninth Circuit test espoused in *Erringer v. Thompson* to determine whether the *Kazarian* policy is a rule which would be properly considered a legislative rule." Pl.'s Opp'n 5. In relevant

4

part, paragraph 68 of the complaint alleges in a conclusory fashion that "[t]he enactment of an entirely new [final merits] analysis to be completed in addition to the 8 C.F.R. § 204.5(i)(3) requirements, 'amends a prior legislative rule' and thus is subject to the notice and comment requirements of the APA. *Erringer v. Thompson*, 371 F.3d 625, 629-30 (9th Cir. 2004)." Compl. ¶ 68.

> The court discussed *Erringer* at length in the January 22, 2024 Order:
>
> > The Ninth Circuit has explained that "[i]n general terms, interpretive rules merely explain, but do not add to, the substantive law that already exists in the form of a statute or legislative rule. Legislative rules, on the other hand, create rights, impose obligations, or effect a change in existing law pursuant to authority delegated by Congress." *Erringer*, 371 F.3d at 630 (quoting *Hemp Indus. Ass'n v. DEA*, 333 F.3d 1082, 1087 (9th Cir. 2003)). "[L]egislative rules have the 'force of law,' while interpretive rules do not." *Id.* (quoting *Hemp Industries*, 333 F.3d at 1088). The court uses a three-part test for determining whether a rule has the "force of law," as follows: "(1) when, in the absence of the rule, there would not be an adequate legislative basis for enforcement action; (2) when the agency has explicitly invoked its general legislative authority; or (3) when the rule effectively amends a prior legislative rule." *Id.* (quoting *Hemp Industries*, 333 F.3d at 1088). . . .
> >
> > In relevant part, *Erringer* says "[a]ny rule that effectively amends a prior legislative rule is legislative and must be promulgated under notice and comment rulemaking." *Erringer*, 371 F.3d at 632. "The reasoning is that '[a]n agency is not allowed to change a legislative rule retroactively through the process of disingenuous interpretation of the rule to mean something other than its original meaning." *Id.* (quoting *Hemp Industries*, 333 F.3d at 1091). "[A] rule is considered legislative under the 'amends a prior legislative rule' test 'only if it is inconsistent with another rule having the force of law." *Id.* (quoting *Hemp Industries*, 333 F.3d at 1088).

Jan. 22, 2024 Order 8-9. The court observed that "[a]lthough Plaintiff faults Defendant for failing to address *Erringer*, Plaintiff suffers from the same problem; its opposition brief does not apply *Erringer* to the case at hand." *Id.* at 9. The court then identified "[a] fundamental problem" with Plaintiff's argument: "Plaintiff does not clearly identify the prior legislative rule that purportedly was amended by the *Kazarian* policy," concluding that "[t]his alone is fatal to its argument." *Id.* The court then went on to analyze a case cited throughout the complaint, *Buletini v. INS*, 860 F. Supp. 1224, 1234 (E.D. Mich. 1994), and found that Plaintiff had offered no support that *Buletini* is a "legislative rule." *Id.* at 9-10. The court ultimately concluded that "Plaintiff has not shown

5

1    that there was a 'prior legislative rule' in effect that the *Kazarian* policy amended and thus has not

2    established that the *Kazarian* policy constitutes a legislative rule under *Erringer*, subject to notice

3    and comment rulemaking." *Id*. at 10.  Noting that "Plaintiff offers no other argument that the

4    APA's 'notice-and-comment' requirement applied to the *Kazarian* policy under the test set forth

5    in *Erringer*," the court dismissed claim one with prejudice.  *Id*.

6         Plaintiff now argues that the court erred in stating that Plaintiff "does not clearly identify

7    the prior legislative rule that purportedly was amended by the *Kazarian* policy" because paragraph

8    58 of the complaint alleges that the Policy Memo adopting *Kazarian* "amends 8 C.F.R. §

9    204.5(i)."  Mot. 2-3.  Plaintiff contends that the opposition brief mistakenly cited paragraph 68 for

10   this point instead of paragraph 58.  *Id*. at 3 n.1.  Plaintiff then sets out a lengthy argument that the

11   *Kazarian* policy amended a prior legislative rule and thus should have been promulgated under

12   notice-and-comment rulemaking.  *Id*. at 3-11.  Plaintiff also addresses and attempts to distinguish

13   two of the cases cited by Defendant in its motion and discussed in the January 22, 2024 Order,

14   *Amin v. Mayorkas*, 24 F.4th 383, 388-89 (5th Cir. 2022), and *Etsy, Inc. v. Jaddou*, No.

15   4:22CV3022, 2023 WL 3689555, at *20-23 (D. Neb. May 25, 2023), that held that the Policy

16   Memo was not a legislative rule subject to the notice-and-comment requirement.  *See id*. at 9-10;

17   Jan. 22, 2024 Order 7-8.

18        Plaintiff's motion lacks merit.  Plaintiff has not identified a manifest failure by the court to

19   consider dispositive legal arguments, namely because Plaintiff's opposition brief did not present

20   any argument supporting its contention that the *Kazarian* policy amended a prior legislative rule

21   and thus was subject to the notice-and-comment requirement.  Rather, the opposition simply asked

22   the court to apply *Erringer* without offering any analysis or even identifying the facts relevant to

23   that analysis.  Plaintiff admits that it did not identify the portion of its complaint identifying the

24   purported prior legislative rule that the *Kazarian* policy allegedly amended.  The instant motion is

25   simply an improper attempt to make the arguments that Plaintiff should have presented with its

26   original opposition to the motion to dismiss but inexplicably did not.  *See Whalen*, 2018 WL

27   6069812, at *1 (reconsideration motions "are not the place for parties to make new arguments not

28   raised in their original briefs); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)

6

("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless."). Plaintiff cannot use a motion for reconsideration to get a "second bite" at something it could and should have put before the court in the first instance. The narrow grounds for reconsideration promote fair and efficient use of party and court resources. Given Plaintiff's failure to show "[a] manifest failure by the Court to consider . . . dispositive legal arguments which were presented to the Court before" the January 22, 2024 Order, the motion for leave to file a motion for reconsideration is denied.

In the alternative, Plaintiff moves for leave to amend the complaint to clarify that USCIS's adoption of the *Kazarian* policy amended 8 C.F.R. § 204.5(i). Mot. 13-14. This is simply another attempt to obtain reconsideration of the January 22, 2024 Order, since Plaintiff only seeks to amend to "clarify" the basis for claim one. *Id*. at 13. The motion is denied.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a motion for reconsideration of the January 22, 2024 Order is denied.

**IT IS SO ORDERED.**

Dated: May 28, 2024



Donna M. Ryu
Chief Magistrate Judge